**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CHANCELEE EDNEY,<br>*Plaintiff,*<br><br>VS.<br><br>DOLGENCORP OF TEXAS, INC. d/b/a DOLLAR GENERAL.<br>*Defendant*, | CIVIL ACTION NO. 6:26-CV-00144-JDK<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Order executed on April 15, 2026 (Dkt. 7), Chancelee Edney, Plaintiff, and files this her First Amended Complaint against Dolgencorp of Texas, Inc., d/b/a Dollar General, Defendant, and for cause of action would respectfully show the Court as follows:

**Background**

2. These claims arise out of an injury Plaintiff suffered at on the premises of a Dollar General store located in Longview, Texas. Plaintiff was shopping at the Dollar General store when injured as a result of a loose vent following on her foot and ankle when she approached the freezer/refrigerator containing refrigerated/frozen foods. Plaintiff has brought claims for direct negligence and premises claims based on the existence of a dangerous condition.

**Parties**

3. Plaintiff is an individual residing in Rusk County, Texas.

4. Upon information and belief, Defendant DOLGENCORP OF TEXAS, INC., d/b/a Dollar General, is a foreign for-profit corporation, doing business in the State of Texas, and is before the Court for all reasons.

**Venue and Jurisdiction**

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity between Plaintiff and Defendant. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6 Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2). in that all or a substantial part of the events giving rise to the lawsuit occurred within this district.

**Factual Background**

7. This lawsuit arises out of an incident that occurred on or about May 22, 2025, at the premises located at 3921 Gilmer Road, Longview, Gregg County, Texas (the "Premises").

8. On or about May 22, 2025, Plaintiff was shopping in Dollar General store number 11084.

9. Upon information and belief, the Premises is owned and possessed by Defendant.

10. As Plaintiff was shopping, she approached the refrigerated food section and began to open a door to the refrigerator/freezer when the vent fell out of its position and fell forward onto Plaintiff's leg and foot.

11. Plaintiff suffered injuries to her leg, ankle, foot, and other parts of body ultimately necessitating surgery to her ankle and foot.

12. As a result of the incident, Plaintiff suffered injuries and damages and continues to suffer injuries and damages from this incident.

13. At all relevant times, there was no warning posted to warn of the dangerous condition (an unsecured and falling vent) encountered by Plaintiff.

14. Upon information and belief, Defendant created the dangerous condition on the premises and/or had actual or constructive knowledge of the dangerous condition on the premises and the unreasonable risk of harm posed by the dangerous condition, but failed to exercise reasonable care to either reduce or eliminate the risk.

15. Upon information and belief, the vent was not secured properly to the refrigerator/freezer to prevent it from falling onto customers that might be unaware of its loose attachment. Upon information and belief, Defendant was aware the vent was not properly secured.

16. Upon information and belief, the vent had come loose or been broken prior to the incident involving Plaintiff.

17. Upon information and belief, after the vent becoming loose previously, Defendant placed the vent insecurely to the refrigerator/freezer leaving it loose and subject to falling again and would have observed the loose and improperly secured vent on numerous occasions without taking the time to properly secure the vent.

18. Upon information and belief, this was not the first time the vent had come loose from the refrigerator/freezer. Upon information and belief, Defendant was aware the vent was not secured properly for a sufficient length of time to have repaired or properly secured the vent before it fell on Plaintiff.

19. Upon information and belief, in the highly unlikely event Defendant was not actually aware that the vent was not secured properly, Defendant should have known of the dangerous condition that by merely performing a minimum inspection of the area for dangerous conditions.

20. Upon information and belief, the dangerous condition was under the management and control of Defendant.

**Cause of Action for Negligence**

21. Plaintiff adopts and re-alleges each and every allegation found above in paragraphs 7 through 20 as though fully set forth here.

22. Upon information and belief, On the occasion in question, Defendant, its agents, servants, and/or employees, were guilty of various acts and omissions constituting negligence which were the proximate cause of the incident in question and the resulting injuries and damages of Plaintiff.

23. Those negligent acts include, but are not limited to, the following:

1. Failing to exercise ordinary care to avoid reasonably foreseeable injury to Plaintiff;
2. Exposing Plaintiff to unreasonable risk of harm and injury;
3. Creating a dangerous condition that would foreseeably put others in an unreasonably dangerous situation;
4. Failing to maintain the premises in a reasonably safe condition;
5. Failing to warn Plaintiff of the unreasonably dangerous condition of the premise
6. Creating a hazardous condition on the premises;
7. Failing to correct the unreasonably dangerous condition prior to the incident;
8. Failing to warn Plaintiff of the existence of an unreasonably dangerous condition;
9. If Defendant was not aware of the dangerous condition, then failing to properly inspect the premises to discover the unreasonably dangerous conditions;
10. Failing to properly secure the vent to refrigerator/freezer to prevent it from falling on Plaintiff;
11. Failing to protect and safeguard invitees, including Plaintiff, from unreasonably dangerous conditions on its premises;
12. Failing to make safe a dangerous condition; and,
13. Failing to use reasonable and ordinary care towards Plaintiff;

24. At the time of this incident, the Defendant, as the owners of the premises, owed Plaintiff the duty of care that a reasonable and prudent person would employ under the circumstances. Defendant breached this duty as stated above.

25. Each of the above-referenced acts and/or omissions, singularly or in connection with each

other, constitute(s) negligence, which proximately caused Plaintiff's injuries and damages as set forth herein and described above.

**Cause of Action for Premises Liability Against Defendant**

26. Plaintiff adopts and re-alleges each and every allegation found above in paragraphs 7 through 25 as though fully set forth here.

27. Plaintiff would also show that Defendant, its agents, servants, and/or employees were guilty of maintaining, and had actual or constructive knowledge, of a dangerous condition on the property, and that the failure to make safe or to properly warn Plaintiff of its existence constituted negligence which was the proximate cause of the occurrence in question and Plaintiff's resulting injuries.

28. Plaintiff was an invitee of Defendant on the premises for the mutual benefit of Plaintiff and Defendant.

29. Consequently, Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

30. Defendant knew or should have known of the unreasonable risk of harm.

31. Upon information and belief, Defendant owned and/or controlled the premises at issue.

32. Defendant, thus, owed Plaintiff the duty to exercise ordinary care to make safe the dangerous condition or, in the alternative, to warn of the dangerous condition on the premises. Defendant breached that duty by failing to exercise ordinary care as described above.

33. In the alternative, and without foregoing her rights in the above-plead premises claim, Plaintiff would show that Plaintiff was at least a licensee.

34. Upon information and belief, Defendant owned and/or controlled the Premises.

35. Defendant created and had actual knowledge of the dangerous condition and that the dangerous condition posed an unreasonable risk of harm towards Plaintiff.

36. Defendant failed to exercise reasonable care to make safe or warn Plaintiff of the dangerous condition as Plaintiff as licensee had no knowledge of the condition.

37. Defendant's failure to make safe or warn Plaintiff proximately caused the injuries suffered by Plaintiff described above.

**Damages**

38. As a result of the above-described conduct of Defendant, Plaintiff has suffered damages in excess of the jurisdictional limits of the Court for which Plaintiff reserves the right to plead further but which include past and future medical expenses, past and future loss of earning capacity, past and future physical pain and suffering, past and future mental anguish, past and future physical and mental impairment, and past and future disfigurement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff has the following:

1. Judgment against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of the court;
2. Prejudgment interest as provided by law;
3. Post-judgment interest as provided by law;
4. Costs of suit; and,
5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**BERGMANGRAY LLP**

*/s/ Jay K. Gray*
Jay K. Gray
State Bar No. 08324050
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
gray@bergmangray.com
bergman@bergmangray.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was electronically submitted with the clerk of the court of the U.S. District Court, Eastern District of Texas, on this 28th day of April 2026 using the electronic case filing system of the court, which will send notice of electronic filing to all counsel of record.

*/s/ Jay K. Gray*
Jay K. Gray